70 F.3d 1278
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paula GOUVEIA, Petitioner
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70512.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Nov. 13, 1995.
Decided Nov. 17, 1995.
 
 1
 Before: HALL and JOHN T. NOONAN, Jr., Circuit Judges, and SHUBB,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The petitioner seeks review of an order of the Board of Immigration Appeals ("BIA") denying her application for a waiver of deportation under 8 U.S.C. Sec. 1182(c) on the basis that Gouveia is an alien deportable for crimes of moral turpitude. Gouveia appeals, arguing that the BIA abused its discretion by failing to take proper account of the equities in her favor, and by making a decision without rational basis. We find no merit in either contention and affirm.
 
 
 4
 A decision to waive an order of deportation under section 1182(c) is appropriate when the BIA in its discretion finds that the equities presented by the applicant's case outweigh its adverse factors. See Yepes-Prado v. Immigration and Naturalization Service, 10 F.3d 1363, 1366 (9th Cir.1993) (listing favorable and unfavorable factors to be considered); Matter of Edwards, Int.Dec. 3134 (BIA 1990) (same).
 
 
 5
 Gouveia is a heroin addict with a long record of criminal arrests and convictions. She has stolen, rather than worked, to support her drug habit for most of the last decade. She has virtually never held a job. Her three children live on public assistance with their grandmother, who reared them while their mother was incarcerated. The children will continue to live with their grandmother following Gouveia's deportation. Gouveia claims that she has learned her lesson, but her sustained pattern of theft and drug abuse gave the BIA little reason to accord significant weight to her promises of rehabilitation. Gouveia's long residence in this country (since age 7), and her family ties (to a mother, sister and the children) were important considerations in favor of her application. But because of a long record of criminal convictions and the fact that she has never contributed financially to her family, the BIA felt that these considerations were not controlling.
 
 
 6
 PETITION DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3